**IT IS ORDERED as set forth below:**

**Date: March 30, 2018**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| FRANCES ELIZABETH CARROLL, ) | CASE NO. 15-55794 - LRC |
|     Debtor. ) | |
| ) | |
| DALE R.F. GOODMAN, ) | ADVERSARY PROCEEDING |
| as Chapter 7 Trustee for the Estate of ) | NO. 17-05029 |
| Frances Elizabeth Carroll, ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | |
| MJSLD, LLC, MARK STEPHEN GOBER, ) | |
| AND JULIA L. GOBER, ) | |
|     Defendants. ) | |

# ORDER

Before the Court is the *Motion for Partial Summary Judgment* (Doc. 9) (the "Motion"), filed by Dale R.F. Goodman ("Plaintiff"), in her capacity as Chapter 7

1

Trustee of the estate of Frances Elizabeth Carroll ("Debtor").[1]  Plaintiff seeks partial summary judgment avoiding a transfer of real property commonly known as 340 Spring Road, Dallas, Paulding County, Georgia (the "Property") to MJSLD, LLC ("MJSLD") for the benefit of Mark and Julia Gober (the "Gobers," and collectively with MJSLD, the "Defendants").  Plaintiff seeks avoidance of this transfer as (1) a preferential transfer pursuant to 11 U.S.C. § 547; (2) a constructively fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B); and (3) a constructively fraudulent transfer pursuant to 11 U.S.C. § 544(b) and OCGA § 18-2-74.[2]  Defendants oppose the Motion.

This is a core bankruptcy matter, over which this Court has subject matter jurisdiction.  *See* 28 U.S.C. §§ 157(b)(2)(F) & (H); 28 U.S.C. § 1334.  For the following reasons the Court grants in part and denies in part the Motion.

I.   **<u>Summary Judgment Standard</u>**

Federal Rule of Bankruptcy Procedure ("Rule") 7056 makes Federal Rule of Civil Procedure ("Federal Rule") 56 applicable in adversary proceedings.  Fed. R. Bankr. P. 7056.  Summary judgment is only proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] Plaintiff was appointed interim Chapter 7 Trustee and became the permanent Chapter 7 Trustee at the Meeting of Creditors held on May 7, 2015, pursuant to 11 U.S.C. § 702(d).

[2] Plaintiff is not requesting summary judgment with regard to recovery of the value of the avoided transfer under 11 U.S.C. § 550.  Plaintiff states in her Memorandum of Law in Support of the Motion (Doc. 11) that she will request a trial on the issue of the value of the Property at the time of the transfer after the motion for partial summary judgment is considered.

2

of law." Fed. R. Civ. P. 56(a); *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993).

A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (U.S. 1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id.* When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

The moving party bears the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(e).

Once the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact that precludes summary judgment. *Celotex*, 477 U.S. at 324; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir. 1991). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citations omitted).

Pursuant to BLR 7056-1(a)(1), Plaintiff attached a Statement of Material Facts Not in Dispute (Doc. 10) ("Plaintiff's SMF") to the Motion, and Defendants responded as required by BLR 7056-1(a)(2) (Doc. 14) ("Defendants' SMF").

## II.   Findings of Fact

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 31, 2015 (the "Petition Date").[3] Prior to the Petition Date, Debtor owned the Property.[4] The Property is located along Allen Creek.[5] The Paulding County Board of Assessors valued the Property at $37,000.00 in 2017 and $79,782.00 in 2016.[6]

On or about April 7, 2014, an earthen dam located on the Property failed.[7] This resulted in damages to separate pieces of property belonging to the Gobers, Martha and

---

[3] *See* Bankr. Doc. 1.

[4] Plaintiff's SMF ¶ 4; Defendants' SMF ¶ 4.

[5] Plaintiff's SMF ¶ 5; Defendants' SMF ¶ 5.

[6] Plaintiff's SMF ¶ 24; Defendants' SMF ¶ 24.

[7] Plaintiff's SMF ¶ 6; Defendants' SMF ¶ 6.

4

Gary Mason (the "Masons"), and Martha and William Houston (the "Houstons"), respectively.[8] On July 14, 2014, the Gobers filed suit against Debtor in the Superior Court of Cobb County, asserting that their property sustained significant damage as a result of the dam break (the "Gober Civil Action").[9]

Debtor and Gobers agreed on December 16, 2014, to a consent judgment in the Gober Civil Action (the "Consent Judgment").[10] The Consent Judgment required Debtor, in exchange for the Gobers' release of all claims against Debtor except those arising out of the Consent Judgment, to: (1) convey full and marketable title within ten days of the execution of the Consent Judgment to MJG, LLC (an entity to be formed and owned by the Gobers); (2) pay $2,000 to the Gobers within five days of the execution of the Consent Judgment; and (3) release the Gobers from all claims Debtor held against them except for those arising out of the Consent Judgment.[11] The Consent Judgment further required that Debtor "remain liable for any and all damages arising from [the Property] or ownership thereof prior to the transfer of the warranty deed . . . [and] [i]n no event shall the Gobers be liable for any damages or claims that could have arisen prior to the transfer of the subject property."[12]

---

[8] Plaintiff's SMF ¶¶ 7, 9; Defendants' SMF ¶¶ 7, 9.

[9] Plaintiff's SMF ¶ 7; Defendants' SMF ¶ 7. The Gobers, the Masons, and the Houstons had discussions about jointly filing a complaint against Debtor, but the Houstons and Masons ultimately did not proceed with the Gobers because they "wanted to obtain an attorney on a contingent basis to avoid paying attorney fees." Affidavit of Mark Stephen Gober (Doc. 15) at ¶ 3.

[10] Plaintiff's SMF ¶ 11; Defendants' SMF ¶ 11. Defendants provided a copy of the Consent Judgment as Exhibit A to their Responsive Brief to the Motion (Doc. 13) (the "Response").

[11] Consent Judgment ¶ 6.

[12] *Id.*

5

After reaching the settlement, the Gobers, through counsel, filed online with the Georgia Secretary of State's office the necessary documents to create a limited liability company with the name "MJG, LLC" on December 10, 2017, and this application was initially accepted.[13]  A week later, the Gobers' counsel received an email from the Georgia Secretary of State's office rejecting the application for MJG, LLC as the name was unavailable.[14]  Thereafter the Gobers' counsel was able to create MJSLD,[15] and Debtor executed and delivered a warranty deed transferring the Property to MJSLD on January 5, 2015 (the "Transfer").[16]  The deed was recorded on January 6, 2015, in the Paulding County deed records.[17]

An amended Consent Judgment (the "Amended Consent Judgment") was entered in the Gober Civil Action on January 27, 2015.[18]  The Amended Consent Judgment amended the name of the grantee of the Property to MJSLD, LLC and provided that "[a]ll other terms and conditions of the Consent Judgment shall remain unchanged."[19]  The

---

[13] Affidavit of Fred Bentley, Jr. (Doc. 16) at ¶¶ 2-3.

[14] Affidavit of Fred Bentley, Jr. (Doc. 16) at ¶ 4.

[15] Affidavit of Fred Bentley, Jr. (Doc. 16) at ¶ 6.

[16] Plaintiff's SMF ¶ 19; Defendants' SMF ¶ 19.

[17] *Id.*

[18] Plaintiff's SMF ¶ 14; Defendants' SMF ¶ 14.  Plaintiff provided a copy of the Amended Consent Judgment as Exhibit A to Plaintiff's SMF.

[19] Amended Consent Judgment; Plaintiff's SMF¶ 14; Defendants' SMF¶ 14.

Amended Consent Judgment states that the name change was necessary due to the Georgia Secretary of State's rejecting MJG, LLC as a name.[20]

Debtor scheduled assets consisting of personal property with a value of $2,400.[21] The Houstons filed Claim No. 1-1 as unsecured for $421,028.55, and the Masons filed Claim No. 2-1 as unsecured for $20,428.55.[22]

### III. Conclusions of Law

#### A. Count I - Avoiding the Transfer Under 11. U.S.C . § 547

Plaintiff "bears the burden of proving the avoidability of a transfer under [547(b)]." 11 U.S.C. § 547(g). The Bankruptcy Code provides that a "trustee may avoid any transfer of an interest of the debtor in property" as a preference if five conditions are met. 11. U.S.C. § 547(b). The transfer must:

1. be "to or for the benefit of a creditor;"
2. be "for or on account of an antecedent debt owed by the debtor before such transfer was made:"
3. have been "made while the debtor was insolvent;"[23]
4. have been "made on or within 90 days before the date of the filing of the petition;"[24]
5. enable the transferee to receive more than it "would receive if
    A. the case were a case under chapter 7 of [the Bankruptcy Code];
    B. the transfer had not been made; and

---

[20] Amended Consent Judgment.

[21] Plaintiff's SMF ¶ 20; Defendants' SMF ¶ 20. Defendants deny paragraph 20 of Plaintiff's SMF because "Debtor has never been found by a Competent Court [sic] to owe any amounts to the Masons or the Houstons." Defendants' SMF ¶ 20. This denial is not pertinent to whether Debtor scheduled $2,400 in personal property.

[22] Plaintiff's SMF ¶¶ 22-23; Defendants' SMF ¶¶ 22-23.

[23] Section 547(f) provides that "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C § 547(f).

[24] This period is extended to a year if the transferee is an insider. 11 U.S.C. § 547(b)(4)(B). Plaintiff does not allege nor is there any evidence that Defendants are insiders collectively or that any individual Defendant is an insider.

>     C. [the transferee] received payment of such debt to the extent provided by the provisions of [the Bankruptcy Code]." *Id.*

For the reasons discussed below, Plaintiff has shown that she is entitled to avoid the Transfer as a preference under § 547, and each of Defendants' arguments in the Response fails.[25] Defendants argue that the Transfer cannot be avoided as a preference because it (1) was not a transfer of Debtor's interest in property since the Property had already been transferred into a constructive trust in favor of Defendants; (2) was not for or on an account of antecedent debt; and (3) was not made within ninety days before the Petition Date. In support of these three arguments, Defendants assert that a constructive trust over the Property existed on or before December 26, 2014, because the Consent Judgment required Debtor to transfer the Property to Defendants within ten days of its execution and this failed to happen.

Consent judgments in Georgia are contracts, and the Court will therefore treat the Consent Judgment as a contract for the sale of real property. *See Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 424 (2006). Under the terms of this contract Debtor was to: (1) transfer her interest in the Property within ten days of the execution of the Consent Judgment to a corporation formed and owned by the Gobers; (2) pay the Gobers $2,000; and (3) "release [the Gobers] from all claims except for those arising out

---

[25] Defendants raised in the Amended Answer to the Complaint (Doc. 8) affirmative defenses including some under § 547(c). As Defendants have abandoned all of these affirmative defenses, however, by failing to raise them in opposition to the Motion, the Court need not address them. *United States v. Kafleur*, 168 F. App'x 322, 327 (11th Cir. 2006) (unpublished) ("While [defendant] pled the affirmative defenses . . . in its answer to the . . . amended complaint, it did not include these defenses in . . . opposition to the . . . motion for summary judgment. As a consequence, . . . these defenses were abandoned[.]"); *Rd. Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) ("[A court] could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment.").

8

of this Consent Judgment." In exchange for this, the Gobers would "release [Debtor] from all claims except for those arising out of this Consent Judgment."[26]

Under Georgia law, a constructive trust is "implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132(a). "A constructive trust 'is a remedial device created by a court of equity in order to prevent unjust enrichment.'" *Eason v. Farmer*, 261 Ga. 675, 677 (1991) (quoting *Lee v. Lee*, 260 Ga. 356, 357 (1990)); *see also Watts v. Peachtree Tech. Partners, LLC (In re Palisades at W. Paces Imaging Ctr., LLC)*, 2011 Bankr. LEXIS 3576, at *15 (Bankr. N.D. Ga. Sep. 13, 2011) (Hagenau, J.).

"[A] constructive trust is not a remedy for a simple breach of contract or breach of a promise." *Perkins v. Crown Fin., LLC (In re Int'l Mgmt. Assocs., LLC)*, 2016 Bankr. LEXIS 443, at *18 (Bankr. N.D. Ga. Feb. 10, 2016) (Bonapfel, J.). A constructive trust does not arise as a result of the parties' intentions, and imposition of a constructive trust in Georgia is a remedy to recover property that is "wrongfully" held, and is not an independent cause of action. *Kelley v. McCormack (In re Mitchell)*, 548 B.R. 862, 880 (Bankr. M.D. Ga. 2016) (quoting *In re Cotton*, 2004 Bankr. LEXIS 440, at *7 (Bankr. N.D. Ga. Feb. 17, 2004) (Bonapfel, J.)).

Constructive trusts are also disfavored in bankruptcy. *In re Mitchell*, 548 B.R. at 883; *In re Int'l Mgmt. Assocs., LLC*, 2016 Bankr. LEXIS 443, at *17; *Wachovia Bank,*

---

[26] Consent Judgment at ¶ 6.

9

*N.A. v. Vacuum Corp. (In re Vacuum Corp.)*, 215 B.R. 277, 281 (Bankr. N.D. Ga. 1997) (Drake, J.). "[T]he generation of [a] constructive trust substantially offends the Bankruptcy Code's general goal of equal distribution." *In re Vacuum Corp.*, 215 B.R. at 281; *In re Int'l Mgmt. Assocs., LLC*, 2016 Bankr. LEXIS 443, at *17. Because of this, "courts generally will require that nonbankruptcy grounds for imposing a constructive trust be so clear, convincing, strong and unequivocal as to lead to but one conclusion." *In re Vacuum Corp.*, 215 B.R. at 282 (citations omitted); *see also In re Mitchell*, 548 B.R. at 883.

As discussed above, the Consent Judgment and Amended Consent Judgment are contracts for the sale of real estate under Georgia law. Even assuming *arguendo* that Debtor breached those contracts when she failed to transfer the Property to MJG, LLC within ten days of the execution of the Consent Judgment,[27] this is not a basis for the imposition of a constructive trust. *Bank of Dade v. Reeves*, 257 Ga. 51, 53 (1987) (holding that a trial court's imposition of a constructive trust on property was inappropriate when "[a]t most, there was a breach of contract by the bank."); *In re Int'l Mgmt. Assocs., LLC*, 2016 Bankr. LEXIS 443, at *18.

Additionally, no equitable interest in the Property could have passed to Defendants prior to the Transfer because Defendants had yet to give consideration, and, pursuant to the Consent Judgment, all liabilities for damage to the Property remained with Debtor at that time. Similarly, Debtor was not unjustly enriched when she failed to transfer the

---

[27] The parties agree that there was no limited liability company for Debtor to make the Transfer to at that time, and because of this the Court does not believe that Debtor breached the Consent Judgment since the delay appears to have not been Debtor's fault.

Property on December 26, 2014, because Defendants had not transferred any consideration to Debtor. Ordinarily the purchase price of real estate is the amount paid by vendee to vendor plus the liabilities of vendor assumed by vendee.[28] In this unique circumstance, however, the consideration for the Property was Defendants' release of Debtor's liabilities. Under the terms of the Consent Judgment and Amended Consent Judgment, Defendants did not pass this consideration to Debtor until Debtor executed the deed. Further, Defendants have pointed to no evidence to support a finding that retention of the Property unjustly enriched Debtor. It is therefore clear that the Transfer was of an interest of Debtor in property and made on account of an antecedent debt.

Having concluded that no constructive trust arose on December 26, 2014, the Court must also find that the Transfer was made on January 5, 2015. A transfer is made, for purposes of § 547 of the Bankruptcy Code, when it "takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time." 11 U.S.C. § 547(e)(2)(A). Under Georgia law, a transfer of real estate takes effect between the grantor and grantee when a deed passes. O.C.G.A. §§ 13-5-30, 44-5-30, 23-2-131; 2 Ga. Real Estate Law & Procedure § 19:17 (7th ed.). A deed that contains all of the necessary elements at execution, "as between the original parties, is valid irrespective of whether it is recorded or not."[29] *Corbin v. Shadburn*, 174 S.E. 259 (Ga. Ct. App.

---

[28] *Brannen v. Commissioner*, 722 F.2d 695, 701 (11th Cir. 1984) ("The cost of property includes the amount of liabilities assumed or taken subject to by the purchaser.").

[29] "It is only as against third persons, acting in good faith without notice, that recording is required." *Corbin*, 174 S.E. at 259-60; *see also Cooper v. Bacon*, 143 Ga. 64, 68 (Ga.1915) ("The record of a deed is not essential in order to convey title as between the parties to the contract."); O.C.G.A. § 44-2-2(c) ("Nothing in this Code section shall be construed to affect the validity or force of any deed, mortgage, judgment, or lien of any kind between the parties thereto.").

11

1934). Thus, the Transfer took effect between Debtor and Defendants on January 5, 2015, provided it was perfected within thirty days.

Under § 547(e)(1)(A), "a transfer of real property other than fixtures . . . is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." Under Georgia law, a bona fide purchaser of real property cannot acquire a superior interest to the grantee after the deed has been appropriately recorded. *Corbin*, 174 S.E. at 259-60. Since the Transfer was perfected on January 6, 2015, which was within the thirty-day period, the Transfer was "made" on January 5, 2015. Thus, Plaintiff has satisfied the requirement that the Transfer was made within ninety days of the Petition Date.

Pursuant to § 547(f), Plaintiff is entitled to a presumption that Debtor was insolvent at this time. "This presumption is rebuttable, but rebutting the presumption requires the presentation of evidence," and "the party opposed to the summary judgment motion must produce more than speculative evidence of solvency in order for the party to rebut the statutory presumption of insolvency." *Gordon v. Harrison (In re Alpha Protective Servs.)*, 531 B.R. 889, 898 (Bankr. M.D. Ga. 2015); *In re Dempster*, 59 B.R. 453, 456 (Bankr. M.D. Ga. 1984). There is no evidence before the Court that rebuts this presumption of insolvency.[30]

---

[30] Defendants argue that the presumption should be rebutted because the Masons' and Houstons' claims had not been reduced to judgment. This argument has no merit since "disputed or contingent liabilities must be included in determining total indebtedness for purposes of determining insolvency [under section 547(b)(3)]." *In re Sierra Steel, Inc.*, 96 B.R. 275, 279 (B.A.P. 9th Cir. 1989). Additionally, the definition of "claim" contained in the

12

Finally, Defendants argue that Plaintiff cannot satisfy § 547(b)(5) because they received what they would have received under a hypothetical Chapter 7 liquidation. Defendants argue that they are secured judgment creditors who are entitled to the Property as their security because the Consent Judgment is a money judgment. Under Georgia law, however, neither the Consent Judgment nor the Amended Consent Judgment could create a lien on the Property without the filing of a writ of *feiri facias* in Paulding County because the judgments were obtained in Cobb County and the Property is located in Paulding County. O.C.G.A. § 9-12-83. There is no evidence Defendants filed a writ of *feiri facias* in Paulding County to support Defendants' argument that they are secured creditors.

The undisputed facts further show that Debtor's other property has an aggregate value of around $2,400 and that Defendants are not the only unsecured creditors. Defendants, having received the Property instead of their *pro rata* distribution of the proceeds of a sale of the Property, necessarily received more than they would have received under a hypothetical Chapter 7 liquidation in which Plaintiff would have sold the Property and disbursed the proceeds to the Gobers, the Masons, and the Houstons on a *pro rata* basis.

For the reasons stated above, Plaintiff is entitled to summary judgment on Count I, and the Transfer is hereby avoided as a preferential transfer under § 547 of the

---

Bankruptcy Code, which is central to the definitions of "insolvent" and "debt," specifically states that "claims" do not have to be reduced to judgment. 11 U.S.C. §§ 101(5); (12); and (32).

13

Bankruptcy Code. While this finding moots the need to rule on Counts II and III, the Court will consider both of those counts as well.

## B. <u>Count II & Count III - Avoiding the Transfer Under 11. U.S.C . §§ 548(a)(1)(B) & 544(b)</u>

"The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for such transfer." 11 U.S.C. § 548(a)(1)(B). Additionally, § 544(b)(1) of the Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable state law by a creditor holding an unsecured claim that is allowable under Section 502 of [the Bankruptcy Code] or that is not allowable only under section 502(e) of [the Bankruptcy Code.]" 11 U.S.C. § 544(b)(1). Plaintiff moves under Georgia's Uniform Voidable Transactions Act[31] as the applicable state law.[32] The Parties devoted only a small portion of their briefs on the issue of "reasonably equivalent value."

Plaintiff is not entitled to summary judgment on Count II or Count III of the Complaint. Plaintiff's sole argument as to why the Transfer was not for "reasonably

---

[31] O.G.C.A. § 18-2-70, et seq. Formerly known and cited as the Uniform Fraudulent Transfers Act. In language that mostly tracks with § 548(b)(1)(B) of the Bankruptcy Code, Georgia's Uniform Voidable Transactions Act provides that, a creditor may avoid a transfer, "whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer." OCGA § 18-2-74(a)(2).

[32] The Complaint states that Plaintiff is moving under O.C.G.A. § 18-2-74 or any other applicable law. Plaintiff cites no other applicable law. Section 18-2-75 also provides for avoidance of transfers that are for less than reasonably equivalent value. O.C.G.A. § 18-2-75. Even if Plaintiff had moved under this statute, the Court would still deny a motion for summary judgment for the same reasons as discussed below.

14

equivalent value" is that the Gobers did not give any consideration for the Property. As discussed above, the Gobers did give consideration for the Property. Plaintiff submitted no evidence as to the value of the Property at the time of the Transfer, and without this evidence, the Court cannot determine whether the Transfer was for less than reasonably equivalent value.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motion is **GRANTED**, in part, as to Count I of the Complaint and the Transfer is hereby avoided as a preferential transfer;

**IT IS FURTHER ORDERED** that the Motion is **DENIED**, in part, as to Count II and Count III of the Complaint.

END OF DOCUMENT

15

## **Distribution List**

Dale R. F. Goodman
Goodman & Goodman, P.C.
Suite 106
3833 Roswell Road
Atlanta, GA 30342

William D. Matthews
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Fred D. Bentley
Bentley, Bentley & Bentley
241 Washington Avenue
Marietta, GA 30060

MJSLD, LLC
c/o Fred D. Bentley, Jr.
Registered Agent
241 Washington Ave.
Marietta, GA 30060

Mark Stephen Gober
3031 N. Main Street
Kennesaw, GA 30144

Julia L Gober
3031 N. Main Street
Kennesaw, GA 30144